IN this cause the plaintiff had proceeded to out-lawry, when he received a notice of retainer from *S.* *S.* for the defendant, who, in his notice signed *for or on behalf* of the defendant, and said verbally, that he did not mean to appear *as attorney.* At the last term *S.* had obtained a rule that all proceedings should be set aside ; but no bail had been entered.

*Jones* for the plaintiff moved to vacate the rule which was so obtained, on the ground that the interference by *S.* was irregular.

*Per Curiam.* S——, appearing in the manner he did, must be considered as a mere stranger, and could not take any rule in the cause. The defendant has neither appeared in person, nor by attorney, nor entered bail ; therefore all the proceedings must be set aside. And the court, considering it as improper practice in any attorney to attempt to appear *as agent, but not as attorney,* add, that *S.* himself pay the costs.

### *Cornell* v. *Allen and Talmadge.*

MOTION that judgment of nonsuit for not bring-ing on the cause to trial, be set aside.

The suit was against the defendants *jointly,* on a promissory note. *Talmadge* only was brought in, and he employed an attorney. The note was after-wards, by agreement between *Allen* and a third per-

son, taken up, and the costs paid by that person to the plaintiff's attorney. The attorney employed by *Talmadge*, notwithstanding he was informed by the plaintiff's attorney, that the note was so taken up, and the costs paid, filed a plea, the general issue, and served a copy on the plaintiff's attorney ; and at a subsequent term, after there had been a circuit in the county, obtained the above rule for judgment of nonsuit.

Judgment set aside ; and the attorney employed by *Talmadge* ordered to pay to the plaintiff's attorney the costs of this motion.